**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

CHARLES E. BUTLER
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET
Suite 10400
WILMINGTON, DE 19801
PHONE: (302) 255-0656
FAX: (302) 255-2274

August 27, 2014

Leo J. Boyle, Esquire
5197 W. Woodmill Drive, Suite 26
Woodmill Corporate Center
Wilmington, DE   19808

Danielle K. Yearick, Esquire
Tybout Redfearn & Pell
750 Shipyard Drive
Wilmington, DE   19899-2092

Erin K. Radulski, Esquire
The Law Office of Dawn L. Becker
Mellon Bank Center, Suite 725
919 Market Street
Wilmington, DE   19801

> **Re:**   *Watunya v. Siena, et al.*
> **C.A. No. N12C-02-118 CEB**
> *Upon Consideration of Defendant State Farm's*
> *Motion in Limine to Exclude the Proposed Testimony*
> *of Plaintiff's Medical Experts.*   **GRANTED.**

Dear Counsel:

Before me is a motion filed by defendant State Farm to exclude the proposed

expert testimony of Plaintiff's expert witnesses, to wit: Drs. Bodenstab, Palma,

Fallorina-Rubio, and Guarino.  Apparently all of these witnesses, at one time or

another, treated the plaintiff.   The basis for this motion is that although they were all identified as "experts" in answer to interrogatories, none provided expert reports or otherwise explained the basis for their expert opinions so that the defense can prepare for their testimony in court.   Apparently the expectation that they would testify at trial was first revealed in the pretrial stipulation filed with the Court.

Plaintiff responds that he need not produce expert "reports" because the experts were all identified in the answer to the interrogatories and the substance of their opinions are adequately conveyed in the medical records provided in discovery.

Plaintiff did provide an expert report by Dr. Bruce Grossinger, D.O. in discovery.   That report is not in controversy and defendant's motion is not therefore "outcome determinative" as plaintiff apparently has sufficient ammunition in the single expert report to get to a jury.   Thus these additional experts are treating doctors who noted in their records that plaintiff was being treated for injuries from an auto accident.

To the extent Plaintiff believes they were under no duty to provide expert reports as to those witnesses they now propose to call at trial, the argument is not well taken.   As the Court said in *Duncan v. Newton & Sons Co.*[1] and endorsed by

---

[1]   2006 WL 2329378 at *6 (Del. Super. July 27, 2006).

the Delaware Supreme Court in *Sammons v. Doctors for Emergency Servs., P.A.*;[2]

> This is contrary to the scheduling order and this Court's practice. Plaintiff was to identify her experts and provide their reports as to their expert opinions. Then, Defendants would be on notice of the bases for the expert opinions, and, pursuant to the scheduling order, respond in kind as to their experts and supply the bases for their opinions by way of a report. It is not reasonable to require Defendants' counsel to go on a wild goose chase with Plaintiff's experts or to depose Plaintiff's experts without the benefit of having the opinions and the medical or scientific reasoning for those opinions.

The problem with Plaintiff's general designation of the four doctors as expert witnesses along with, in effect, a "see medical records" in their interrogatories is that "see medical records" falls far short of explaining the specific opinions of the experts or the basis for those opinions. In the field of personal injury litigation, an "expert report" is a term of art, well understood by all parties and the Court. It clearly designates a particular expert – usually a physician – and explains the basis for the opinion, a chronology of prior treatment and a prognosis for future care, if any. Moreover, while many may have opinions – experts and otherwise – only experts identified as such with the filing of a report are understood by the parties to be "testifiers" – those with opinions that a party seeks to share with the jury. The medical records produced in discovery are little more than notes of meetings with the Plaintiff with some notation of his physical complaints. They are not "expert reports" and are not prepared with that purpose in mind. They do not put

---

[2]   913 A.2d 519, 529 (Del. 2006).

defendants on notice as to the basis for an expert opinion or as to what expert, if any, they should consult for a contrary opinion.

One can quickly surmise that Plaintiff is well aware of the procedure for designating an expert and providing a report: they did just that with respect to Dr. Grossinger. It is thus a bit ironic that Plaintiff, having fairly led Defendants to believe that Dr. Grossinger was their one and only expert to be designated as a testifier, now identifies four more testifiers, with no expert reports upon which to be deposed or even prepare for trial without their depositions. We might see it all as some sort of oversight were it not for the clear designation of Dr. Grossinger by Plaintiff. In light of Grossinger's designation, however, it is difficult to reconcile Plaintiff's position.

We are aware that the Court has a good bit of discretion when it comes to the allowance of expert witnesses and the Court will exercise its discretion here to disallow these four witnesses who did not file expert reports and thus did not fairly give Defendants notice that they would be offering testimony at trial.

Defendant State Farm's Motion in Limine to Exclude the Proposed Testimony of Plaintiff's Medical Experts is hereby **GRANTED**.

4

**IT IS SO ORDERED**.

Sincerely,

**/s/ Charles E. Butler**

Charles E. Butler